UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 09-10587-GAO

FIDEL SOLANO,
Plaintiff,

and

SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 615,
Intervenor-Plaintiff,

v.

ALLIEDBARTON, INC., ALLIED SECURITY HOLDINGS, LLC, THE BLACKSTONE GROUP, L.P., CHARLES CLARKE, ROBERT DICKSON, EDWARD SILVY, and DAVID SILVY,
Defendants.

ORDER
March 17, 2010

O'TOOLE, D.J.

The plaintiff, a former employee of AlliedBarton Security Services, LLC ("AlliedBarton"),[1] has brought suit against AlliedBarton and several AlliedBarton managers. His complaint asserts claims for age discrimination (Count I), disability discrimination (Count II), retaliation under the Americans with Disabilities Act ("ADA") (Count III), intentional infliction of emotional distress (Count IV), intentional interference with advantageous business relations (Count V), breach of contract (Count VI), and breach of the implied contractual covenant of good faith and fair dealing (Count VII). With the exception of the claim for intentional

---

[1] The complaint originally named as defendants "Allied Barton, Inc.," "Allied Security Holdings, LLC," and "The Blackstone Group, L.P." The defendants have identified the corporate entity that employed the plaintiff as "AlliedBarton Security Services, LLC," and the plaintiff has apparently accepted that correction.

interference with advantageous business relations, which is made only against the individual managers, all claims are against all defendants.[2]

The defendants have moved to dismiss various claims pursuant to Federal Rule of Civil Procedure 12(b)(6). The plaintiff agrees with certain arguments of the defendants and opposes others. Because the defendants initially argued that the plaintiff's statutory antidiscrimination claims must be dismissed because of the existence of grievance and arbitration provisions in a governing collective bargaining agreement, the Service Employees International Union, Local 615 moved to intervene. Although the Court granted the motion to intervene, the defendants have since withdrawn the argument that impelled the union to become involved, and consequently, the union has withdrawn its action for declaratory judgment.

It is not clear whether the plaintiff's statutory claims for age and disability discrimination as well as retaliation are based on the applicable federal statutes, their state counterparts, or both. The defendants have moved to dismiss the disability discrimination claim in Count I as untimely under either federal or state limitations provisions. Their motion must be denied in this respect because the present record does not permit a full assessment of potentially relevant factual matters, such as whether the claim of disability discrimination may be considered a "continuing" one, with some concrete adverse actions falling within the limitations period, or whether the claim was timely in relation to any applicable EEOC "right to sue" letter. The matter may be resolved on further development of a factual record.

The motion to dismiss is meritorious as to other claims, however. The individual defendants may not be held liable under the federal discrimination statutes. The state common

---

[2] Two additional individuals, Paul Harvey, Jr. and Robert Taylor, are mentioned in Count V, but they are not specifically named in the complaint as defendants, nor is there any evidence they were ever served with process.

law claims are preempted by Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a).

Accordingly, the motion to dismiss is GRANTED IN PART and DENIED IN PART. The claims that stand are those asserted against AlliedBarton in Counts I, II and III, as well as any state statutory claims asserted against the individual defendants. The federal statutory claims against the individual defendants are dismissed. The state common law claims against all defendants are also dismissed.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge